UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE BENSON,<br><br>    Petitioner,<br><br>    v.<br><br>M.E. SPEARMAN,<br><br>    Respondent. | No. 2:17-cv-1881 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding pro se, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action as successive and, in the alternative, barred by the one-year statute of limitations. Petitioner filed an opposition; respondent did not file a reply.

    As set forth below, the undersigned recommends that the motion to dismiss be granted.

II. Background

    A San Joaquin County Superior Court jury found petitioner guilty of murder, three counts of attempted murder, and participation in a street gang, as well as enhancements for personal and intentional discharge of a firearm during the commission of a felony, causing great bodily injury

1

or death, participation in an offense where a principal personally and intentionally discharged a firearm, causing great bodily injury or death, and the commission of an offense to benefit a street gang. In March 2007, the trial court sentenced petitioner to life in prison without the possibility of parole, plus four indeterminate terms of twenty-five years to life and a determinate term of forty-two years and four months. The California Court of Appeal, Third Appellate District, affirmed petitioner's conviction and sentence in an unpublished opinion.[1] The California Supreme Court denied review on April 22, 2010.

III. Is the Petition Successive?

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 2007 conviction and sentence challenged in this case. The previous application was filed on January 18, 2011, and was denied on the merits on October 22, 2012. Benson v. Biter, 2:11-cv-0150 JKS (E.D. Cal.). The petition is successive because petitioner challenged his 2007 conviction in his prior federal habeas petition, which the court dismissed on the merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (petition is successive if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). Petitioner must therefore obtain permission from the Ninth Circuit before the petition may proceed. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions [to the bar on successive petitions], he must seek authorization from the court of appeals before filing his new petition with the district court.").[2] No such

---

[1] People v. Benson, 2010 WL 46681 (Cal. Ct. App. Jan. 7, 2010).

[2] It does not appear that the instant claims fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). Rather, petitioner argues that People v. Chiu, 45 Cal.4th 1172 (2009) and In re Hansen, [sic] Cal. App. 4th (July 1, 2014), should be applied retroactively. (ECF No. 17 at 1.) Such cases are not U.S. Supreme Court cases. Nevertheless, such determination must be made by the United States Court of Appeals upon

authorization has been obtained in this case.

Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

IV. Is the Petition Time-Barred?

Because petitioner failed to obtain authorization from the Court of Appeals for the Ninth Circuit, this court need not address respondent's alternative argument that the petition is barred by the one year statute of limitations.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be partially granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bens1881.mtd.hc.succ

---

petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b).

3